File Name: 12a0018n.06

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 10-5182

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

FILED

*Jan 09, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JERRY LEE SARGENT,

      Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF KENTUCKY

_____/

Before:      MARTIN and GRIFFIN, Circuit Judges; ANDERSON, District Judge.[*]

      BOYCE F. MARTIN, JR., Circuit Judge.  Jerry Lee Sargent claims that the district court erred in enhancing his sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e).  We disagree and **AFFIRM**.

**I. BACKGROUND**

      Sargent was arrested after escaping from an Indiana prison, stealing firearms, and committing a number of other crimes.  He pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  The Presentence Report stated that Sargent qualified for sentencing enhancement as an Armed Career Criminal based on four prior convictions: (1) arson; (2) wanton endangerment in the first degree; (3) trafficking in more than five pounds of marijuana; and (4) rape

_____

[*]The Honorable S. Thomas Anderson, United States District Judge for the Western District of Tennessee, sitting by designation.

in the first degree. At the sentencing hearing, Sargent claimed that his convictions for arson and wanton endangerment did not support the sentencing enhancement. The district court overruled Sargent's objections, adopted the findings in the Presentence Report, and determined that Sargent should be sentenced under the Armed Career Criminal provision. The district court sentenced Sargent to twenty-seven years and three months of imprisonment, a sentence at the top of his Guidelines range. On appeal, Sargent argues that the district court erred in using his convictions for arson and wanton endangerment as predicate offenses in sentencing him as an Armed Career Criminal.

## II. ANALYSIS

"The Armed Career Criminal Act imposes a special mandatory 15-year prison term upon felons who unlawfully possess a firearm and who also have three or more previous convictions for committing certain drug crimes or violent felon[ies]." *Begay v. United States*, 553 U.S. 137, 139 (2008) (internal quotation marks and citation omitted) (alteration in original). Sargent concedes that his prior convictions for marijuana trafficking and rape support his designation as an Armed Career Criminal. We find that his prior conviction for arson also supports the designation, and thus the district court properly enhanced his sentence under the Act.

Sargent's prior conviction for arson qualifies as a violent felony under the Act. *See* 18 U.S.C. § 924(e)(2)(B)(ii). At the sentencing hearing, Sargent claimed that his co-defendant had successfully appealed the arson conviction and that all three co-defendants were brought back to court and told that there would be a hearing with regards to the grounds for this reversal. On appeal, he argues that

the district court erred by shifting the burden to him to prove that his conviction for arson was appealed or vacated.

We review for clear error the district court's factual finding that Sargent was previously convicted for arson. *See United States v. Hough*, 276 F.3d 884, 896 (6th Cir. 2002). The Government bears the burden of proving by a preponderance of the evidence the existence of a factor used to support a sentencing enhancement. *United States v. Gibson*, 985 F.2d 860, 866 (6th Cir. 1993).

The district court reviewed a number of records that established the validity of Sargent's arson conviction: (1) the indictment; (2) the trial order; (3) the jury verdict form; (4) the judgment; and (5) copies of the order book entries from the circuit court clerk. *Cf. United States v. Crowell*, 493 F.3d 744, 748-49 (6th Cir. 2007) (holding that the district court did not commit clear error in finding the existence of a juvenile court adjudication when the government introduced several certified documents). In addition, the probation officer reviewed the criminal case file stored in the Kentucky Department of Library and Archives and found no evidence that Sargent had successfully appealed the case. In contrast, Sargent made only a bald allegation that his conviction had been reversed. *Cf. United States v. Beasley*, 442 F.3d 386, 394 (6th Cir. 2006) (stating that when defendant "merely hints at some lingering metaphysical doubt as to the translation of [a conviction] proposed in the PSR and accepted by the district judge, without supplying any factual basis for this challenge or suggesting some other plausible meaning for this notation . . . [s]uch a bare denial does not suffice to cast doubt upon the accuracy of the PSR on this point"); *see also Crowell*, 493 F.3d at 749 (holding that the district court did not commit clear error in finding the existence of a juvenile

court adjudication when defendant cited only a computer-generated document from the clerk of court indicating that he had no juvenile record). Thus, the district court did not commit clear error by finding the existence of Sargent's arson conviction.

### III. CONCLUSION

We hold that the district court properly included Sargent's arson conviction as a predicate offense and enhanced his sentence under the Armed Career Criminal Act. Thus, it is unnecessary to address Sargent's argument that the district court erred in using his wanton endangerment conviction as a predicate offense because the drug trafficking, rape, and arson convictions justify applying the Armed Career Criminal Act. We **AFFIRM** the decision of the district court.